JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 595

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION SEP 18 1984

IN RE DIVERSIFIED ENERGY CORP. SECURITIES LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

TRANSFER ORDER

This litigation presently consists of eleven actions pending in four districts as follows: six actions in the Western District of Texas, three actions in the District of Utah, and one action each in the Eastern District of California and the District of New Jersey. Before the Panel is a motion by First City National Bank of Midland (First City), a party to all the actions, to centralize the eleven actions in the Western District of Texas for coordinated or consolidated pretrial proceedings under 28 U.S.C. §1407. Respondents to the motion include those who support transfer but favor selection of the District of Utah as transferee forum, those who oppose transfer, and those who oppose transfer but favor selection of the Utah forum if the Panel nevertheless concludes that centralization is appropriate.

On the basis of the papers filed and the hearing held, the Panel finds that centralization in the District of Utah of all actions but the New Jersey action will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The actions to be centralized share numerous factual questions relating to the promotion, financing and sale of limited partnership interests in oil and gas ventures organized by Diversified Energy Corp. (DECO). Centralization of these actions is therefore necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. The New Jersey action, however, is brought by persons who are not partners in any limited partnership involved in the other actions brought by DECO investors, and the action is proceeding expeditiously toward trial. Movant has failed to demonstrate the existence of sufficient common questions of fact and remaining common discovery that would warrant centralization of the New Jersey action with the other actions in this docket.

First City favors selection of the Western District of Texas as transferee forum because, inter alia, 1) First City employees, whose conduct in the promotion and financing of the DECO interests is at issue in the actions, will be found in that district along with other witnesses and relevant documents relating to the financing of the limited partnership interests, and 2) most of the actions are already pending in that district. While the Western District of Texas may be an acceptable forum, on balance we are persuaded that the District of Utah is the most appropriate forum for this litigation. We note that

that district is the forum where a large number of the plaintiffs and nearly all the defendants other than First City and its employees reside, where the limited partnerships which offered the subject partnership interests are located, where DECO (which was the promoter of the partnerships and general partner in each limited partnership) is located, where many witnesses (including DECO's officers) reside, and where many relevant documents are likely to be located.

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. §1407 of the action listed on the attached Schedule A and pending in the District of New Jersey be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. §1407, the remaining actions listed on the attached Schedule A and pending outside the District of Utah be, and the same hereby are, transferred to the District of Utah, and, with the consent of that court, assigned to the Honorable Aldon J. Anderson for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

*Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

SCHEDULE A

MDL-595 -- IN RE DIVERSIFIED ENERGY CORP. SECURITIES LITIGATION

DISTRICT OF NEW JERSEY

George R. Baumgardner, et al. v. First City National Bank of Midland, Texas, et al., C.A. No. 83-4631-A

DISTRICT OF UTAH

Falcon Construction, Inc., et al. v. First City National Bank of Midland, et al., C.A. No. C84-0040W
Diversified Energy/Intermountain Capital Private Drilling Fund 1981-A, et al., C.A. No. C84-0041A
Arun V. Bidwai, et al. v. DECO Energy Private Drilling Fund 1981-I, et al., C.A. No. C84-0062W

EASTERN DISTRICT OF CALIFORNIA

G. Ronald Gerbing, et al. v. First City National Bank of Midland, Texas, et al., C.A. No. CIV-83-695MLS

WESTERN DISTRICT OF TEXAS

Edward R. Van Vliet, et al. v. First City National Bank of Midland, et al., C.A. No. MO-84-CA-31
First City National Bank of Midland v. Diversified Energy/Combined Capital Private Drilling Fund 1981-A, et al., C.A. No. MO-83-CA-214
First City National Bank of Midland v. DECO Energy Private Drilling Fund 1981-II, et al., C.A. No. MO-83-CA-213
First City National Bank of Midland v. DECO Private Drilling Fund 1981-I, et al., C.A. No. MO-83-CA-216
First City National Bank of Midland v. DECO/DCA Private Drilling Fund 1982-I, et al., C.A. No. MO-83-CA-215
First City National Bank of Midland v. Diversified Energy/Intermountain Capital Private Drilling Fund 1981-A, et al., C.A. No. MO-84-CA-14